J-A14004-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| UNIVEST BANK AND TRUST COMPANY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JIGNESH N. PANDYA, MITAL PANDYA | : | |
| | : | |
| | : | No. 2445 EDA 2025 |
| APPEAL OF: SOUTHERN SHOALS, LLC | : | |

Appeal from the Order Entered August 19, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2023-04916

BEFORE:  DUBOW, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 24, 2026**

Appellant, Southern Shoals, LLC, appeals from the August 19, 2025 order entered in the Bucks County Court of Common Pleas, which, *inter alia*, denied Appellant's petition to set aside the Sheriff's sale of property formerly owned by Jignesh N. Pandya and Mital Pandya ("Debtors").  After careful review, we affirm.

The following is the relevant factual and procedural history of this litigation involving Debtors' former residence at 8 Woodland Road in Newtown ("the Property").  In December 2011, Appellee, Univest Bank and Trust Company, issued to Debtors a $3,920,000 promissory note secured by a mortgage on the Property ("Note").  In August 2023, Appellee filed a mortgage foreclosure complaint after Debtors defaulted with an outstanding balance of approximately $2.7 million on the Note.

On February 9, 2024, Debtors filed for bankruptcy in federal bankruptcy court, resulting in an automatic stay under the United States Bankruptcy Code, 11 U.S.C. § 362(a).

On February 15, 2024, while the automatic stay was in effect, Appellee obtained a default judgment against Debtors in the Bucks County Court of Common Pleas.

On March 8, 2024, the bankruptcy court dismissed Debtors' bankruptcy case.

On June 3, 2024, Appellant, which is a judgment creditor of Debtors, obtained title to the Property via a Sheriff's deed. Appellant asserts that it executed on the Property after domesticating into Pennsylvania a New York judgment of $4.37 million against Debtors. Appellant's Br. at 5, 8.

Upon Appellee's request, the Sheriff listed the Property for a Sheriff's sale on September 13, 2024. On September 11, 2024, Appellant filed an emergency petition to intervene as the owner of the Property and to stay the sale, claiming that Appellee's default judgment was void because Appellee filed it while the automatic bankruptcy stay was in effect. The next day, Appellee filed a notice continuing the Sheriff's sale until November 8, 2024.

In the interim, Appellee sought relief in bankruptcy court. On November 1, 2024, the bankruptcy court granted Appellee's motion to reopen the case and ordered that "[t]he automatic stay of all proceedings, as provided in Section 362 of the [Bankruptcy Code], is modified, *nunc pro* tunc, to February 9, 2024 with respect to [the Property]." ***In re: Pandya***, Case No. 24-10440-

- 2 -

amc, Order (Bankr. E.D. Pa. dated Nov. 1, 2024) (capitalization omitted). The order explicitly permitted Appellee "to proceed with its state court remedies as to the Property including, but not limited to causing the Property to be offered at Sheriff's [s]ale [and] permitting the Sheriff to issue deeds to any purchasers at the Sheriff's sale[.]" *Id.*

On November 8, 2024, the Bucks County Court of Common Pleas entered an order granting Appellant's emergency petition to intervene and stay the Sheriff's sale of the Property scheduled for the same day.[1] The court postponed the sale to January 10, 2025. Relevant to issues on appeal, the order additionally stated as follows: "No further continuance of Sheriff's sale shall be granted, and no further advertising or notice to lienholders required." Order, 11/8/24 (some capitalization omitted). The order also stated that "[Appellee] shall provide a full payoff to Intervenors within 10 days from th[e o]rder and shall accept that payoff from Intervenors[] if tendered prior to the sale date." *Id.*

On January 10, 2025, the day of the scheduled Sherriff's sale, Appellee requested a continuance of the sale to permit the bankruptcy court to address Appellant's motion for reconsideration of the order granting *nunc pro tunc* modification of the stay. Appellant avers that Appellee did not serve Appellant with this filing. On the same day, utilizing Appellee's preprinted order, the Bucks County court postponed the Sheriff's sale and set a new sale date of

---

[1] The Honorable Jeffery G. Trauger entered the November 11, 2024 order.

February 14, 2025. The court mandated that the postponement be announced at the January 10, 2025 Sheriff's sale. Relevantly, the court struck language of Appellee's pre-printed order which would have expressly exempted Appellee from future notice requirements related to the sale.[2]

Following the federal bankruptcy court's denial of reconsideration of its order granting *nunc pro tunc* modification of the stay, Appellee purchased the Property at the February 14, 2025 Sheriff's sale for costs totaling $1,545.69.

On February 24, 2025, Appellant filed a petition to set aside the February 14, 2025 Sheriff's sale, asserting (1) that it had not received notice of Appellee's motion to continue the January 10, 2025 Sheriff's Sale or (2) Appellee's notice of the new sale date of February 14, 2025, and (3) that Appellee failed to advertise the February 2025 sale date, which Appellant contended the January 10, 2024 order required. In the alternative, Appellant sought a stay of the issuance of a Sheriff's deed to Appellee pending Appellant's appeal of the bankruptcy court's order denying reconsideration.

---

[2] The Honorable Jordan B. Yeager entered the January 10, 2025 order. The following is the language that the court struck:

> Ordered that no further notice or advertising of the sale of the Property, whether at the January 10, 2025 sale or any subsequent sale to which the January 10, 2025 sale of the Property is postponed, is required and that any further postponement can be made by [Appellee] by sending a letter, telecopy, facsimile, or electronic mail to the Bucks County Sheriff's Office.

Order, January 10, 2025 (language struck from order).

On March 12, 2025, the Bucks County court stayed proceedings "pending the outcome of the appeal from the Bankruptcy Court's Order denying [Appellant's] Motion for Reconsideration[.]" Order, 3/12/25. Appellant, however, had not filed an appeal but rather a motion to extend time for appeal, which the bankruptcy court denied.

On August 15, 2025, the trial court entered an order (1) granting Appellee's motion to remove the March 12, 2025 stay; (2) denying Appellant's petition to intervene; and (3) denying Appellant's motion to set aside the Sheriff's Sale and ordered that "[t]he process of executing and recording a Sheriff's Deed as to [the Property] shall proceed[.]" Order, 8/15/25. On August 25, 2025, Appellee recorded the Sheriff's deed.

On September 17, 2025, Appellant filed a notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [t]rial [c]ourt abuse its discretion and violate [d]ue [p]rocess by refusing to set aside a Sheriff's Sale where the owner of the Property obtained a postponement [o]rder that specifically struck language excusing further notice, and the foreclosing plaintiff admittedly failed to either re-advertise or serve the [o]wner with notice of the new sale date?

2. Is the Sheriff[']s Sale void *ab initio* because the underlying [d]efault [j]udgment was entered on February 15, 2024, six days after [Debtors] filed for [b]ankruptcy protection, in knowing violation of the automatic stay pursuant to 11 U.S.C. § 362?

3. Did the [t]rial [c]ourt commit an error of law by denying Appellant's [p]etition to [i]ntervene, thereby denying standing to the record fee simple owner of the [P]roperty to protect its interest against defective execution procedures?

Appellant's Br. at 4.

Appellant first challenges the court's refusal to set aside the February 14, 2025 Sheriff's sale. The decision to set aside a Sheriff's sale implicates a court's equitable powers, and thus, "this Court will not reverse the trial court's decision absent an abuse of discretion." *Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013). "An abuse of discretion is not merely an error of judgment[;]" rather, an abuse of discretion occurs only where a court overrides or misapplies the law or where the judgment is manifestly unreasonable or "the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record[.]" *Wells Fargo Bank N.A. v. Zumar*, 205 A.3d 1241, 1245 (Pa. Super. 2019) (citation omitted).

Our Rules of Civil Procedure instruct that, prior to delivery of the Sheriff's deed, a "court may, upon proper cause shown, set aside [a Sheriff's] sale and order a resale or enter any other order which may be just and proper under the circumstances." Pa.R.Civ.P. 3132. Courts have set aside Sheriff's sales "where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Irwin Union Nat. Bank & Tr. Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010). The party seeking to set aside a Sheriff's sale has the "burden of proving circumstances warranting the exercise of the court's equitable powers" and, in cases involving notice, that any alleged inadequate notice resulted in prejudice. *Wells Fargo Bank Minnesota Nat'l Ass'n v. Barron*, 230 A.3d 1269, 1272 (Pa. Super. 2020) (citation omitted).

- 6 -

Pa.R.Civ.P. 3129.1-3129.3 set forth notice requirements related to Sheriff's sales "to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property." **Barron**, 230 A.3d at 1272 (citation omitted). Notice "must be reasonably calculated to inform interested parties of the pending action[.]" **Id.** (citation omitted). Relevantly, Rule 3129 mandates the provision of new notice and advertising when a sale is postponed except where (1) "a special order of the court" provides otherwise or (2) the new sale date is within 130 days of prior scheduled sale, for which the movant had provided proper notice.[3] Pa.R.Civ.P. 3129.3.

Appellant claims that the trial court abused its discretion by failing to set aside the February 14, 2025 Sheriff's sale, when Appellant "will lose its property interest without ever having received notice or an opportunity to be heard[,]" in violation of its due process rights. Appellant's Br. at 22, 17-22. Specifically, Appellant posits that Appellee had a duty to notify Appellant of the revised sale date because Appellant was the Property's owner of record. **Id.** at 17-18. Addressing the November 8, 2024 order, Appellant rejects Appellee's claim that the order relieved Appellee of all advertising and notice requirements, arguing instead that the order's notice exemption related solely

---

[3] It appears that the exemption for a postponement of less than 130 days is not applicable in the instant case where the original sale date was September 13, 2024, 154 days prior to the sale on February 14, 2025.

to the January 10, 2025 sale.[4] *Id.* at 20-21. Turning to the January 10, 2025 order, Appellant argues that the court's striking of Appellee's proposed language exempting Appellee from notice requirements "functions as an explicit judicial command that the standard notice requirements of Pa.R.Civ.P. 3129.3 remained in force." *Id.* at 19. Finally, Appellant contends that it should have received notice as it was an intervenor, pursuant to the November 2024 order, and therefore a party requiring service pursuant to Pa.R.Civ.P. 440. *Id.* at 21.

After review, we conclude that the court did not abuse its discretion in refusing to set aside the February 2025 Sheriff's sale. The court found Appellant's claims based on lack of notice unavailing. It emphasized that Appellant had "discovered" the originally scheduled September 2024 Sheriff's sale, as it sought emergency intervention, and was aware of the November date as it requested to stay that sale. Trial Ct. Op. at 12-13. The court recounted that the postponement to January 2025 resulted from Appellant's own filing in federal bankruptcy court related to the sale proceedings. The court faulted Appellant for failing to act with diligence noting that "Appellant had every reason to stay aware of any continuance of the Sheriff's Sale because their opportunity to payoff the note was set to expire if the Property

_____

[4] Appellant asserts that the November 8, 2024 order explicitly provided that "no further advertising or notice to lienholders will be required for the January 10, 2025 sale date." Appellant's Br. at 9, 20. A review of the order, however, reveals that the relevant sentence does not include the relevant phrase "for the January 10, 2025 sale date." Order, 11/8/24.

was sold." *Id.* at 13, 15-16. The court also emphasizes that Appellant "bought the property subject to [Appellee's] mortgage" and that it "had ample time to pay off the mortgage if it wished to retain the Property[.]" *Id.* at 19.

We conclude that the record supports the court's findings and reveals Appellant's active involvement in the relevant proceedings, such that it was not prejudiced by the lack of formal notice. *Barron*, 230 A.3d at 1272. Thus, Appellant failed to meet its burden of showing the trial court's equitable determination was "manifestly unreasonable" or "the result of partiality, prejudice, bias or ill-will." *Zumar*, 205 A.3d at 1245 (citation omitted). Accordingly, this issue warrants no relief.[5]

Appellant's second issue invokes Section 362 of the Bankruptcy Code, which provides that the filing of a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [the Bankruptcy Code.]" 11 U.S.C. § 362(a)(1). Nevertheless, "it is well established that a bankruptcy court has the power to modify a stay." *Graziani v. Randolph*, 887 A.2d 1244, 1249 (Pa. Super. 2005); *see generally* 11 U.S.C. § 362(d). Indeed, "a bankruptcy court may afford retroactive relief from the automatic

---

[5] As we find the court's analysis of prejudice sufficient, we do not address the court's other rationales based upon the coordinate jurisdiction rule and law of the case. *Id.* at 13-14.

stay even as to litigation initiated after the filing of a bankruptcy petition." ***Graziani,*** 887 A.2d at 1247.

Appellant claims that the February 15, 2024 default judgment entered in Appellee's favor was void *ab initio* because it occurred while the automatic bankruptcy stay was in effect. Appellant's Br. at 23-27. Appellant contends that the federal bankruptcy court's grant of *nunc pro tunc* modification of the stay cannot remedy the state judgment that was void when it was entered. ***Id.*** at 25. Appellant asserts that the Sheriff's sale is a "nullity" because the underlying default judgment is void *ab initio*. ***Id.*** at 27.

We reject Appellant's argument. As noted above, a bankruptcy court has the authority to "afford retroactive relief from the automatic stay." ***Graziani,*** 887 A.2d at 1247. In the instant case, the bankruptcy court explicitly utilized that authority to modify the automatic stay to permit Appellee "to proceed with its state court remedies as to the Property including but not limited to causing the Property to be offered at Sheriff's Sale." ***In re: Pandya***, Case No. 24-10440-amc, Order (Bankr. E.D. Pa. dated Nov. 1, 2024). Appellant's grievance lies not with the state court's order refusing to set aside the Sheriff's sale but with the bankruptcy court's order modifying the stay—an order which Appellant failed to appeal timely. Accordingly, we deny Appellant relief on this issue.

Appellant's final issue addresses the trial court's purported denial of intervention. Appellant's Br. at 28-30. We need not address the merits as we conclude that Appellant waived this issue by failing to include it in the twenty

questions raised in its Pa.R.A.P. 1925(b) statement.  Pa.R.A.P. 1925(b)(4)(vii)

(mandating waiver of issues not raised in the statement).[6]

As none of Appellant's issues warrant relief, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026

_____

[6]  Moreover, we recognize that, while the court denied intervention in the August 15, 2025 order, it had previously granted Appellant's petition to intervene on November 8, 2024, the docket sheet lists Appellant as "Intervenor," and Appellant was actively involved in this litigation.  Thus, Appellant did not suffer any prejudice from the August 15, 2025 denial of intervention.